UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LINDA LEISURE**

      Plaintiff,                            Case no. 2:07-cv-411
                                                 JUDGE GREGORY L. FROST
                                                 Magistrate Judge Abel

      v.

**CITY OF REYNOLDSBURG,
OHIO, et al.,**

      Defendants.

## OPINION & ORDER

This matter is before the Court for consideration of a Motion to Dismiss (Doc. # 38) filed by Defendant the United States District Court for the Southern District of Ohio ("District Court"), a Motion to Dismiss (Doc. # 19) filed by Defendant Ohio State Highway Patrol Trooper Rodney Stufflebean ("Stufflebean"), and a Motion to Dismiss (Doc. # 17) filed by Defendants Columbus Police Officers Steven Knotts and Delmar Knotts (collectively "Knotts"). Plaintiff Linda Leisure ("Plaintiff") has not filed a memorandum in opposition to any of these motions. For the reasons that follow, the Court grants the motions. (Docs. # 38, 19, 17.)

### A.  Standard of Review

**1. Fed. R. Civ. P. 12(b)(6)**

Stufflebean, District Court, and Knotts all move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under this rule, the Court presumes that all well-pleaded allegations

are true, resolves all doubts and inferences in favor of the pleader, and views the pleading in the light most favorable to the non-moving party.  *See e.g., Tornichio v. United States*, 263 F. Supp. 2d 1090, 1094 (N.D. Ohio 2002).  Dismissal is warranted only if it appears beyond a reasonable doubt that the pleader can prove no set of facts in support of the claim that would entitle him to relief.  *See, e.g., Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  Therefore, the focus is not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Additionally, a district court must read a pro se plaintiff's allegations liberally and apply a less stringent standard to those pleadings than to a complaint drafted by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  A court need not, however, accept as true "legal conclusions or unwarranted factual inferences."  *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th. Cir. 1987)).

    **2. Fed. R. Civ. P. 12(b)(1)**

Snufflebean also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Under this rule, "[p]laintiffs have the burden of proving jurisdiction . . . ."  *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l*

---

[1] Because this Court grants Snufflebean's Motion to Dismiss (Doc. # 19) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), it need not consider Snufflebean's Motion to Dismiss pursuant to 12(b)(2).

*Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936)); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction.")

Moreover, a Rule 12(b)(1) challenge can either facially or factually attack the basis for subject matter jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (stating "[a] rule 12(b)(1) motion can either attack the claim of jurisdiction on its face in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists"). The Sixth Circuit has recognized this distinction and applied this standard to Rule 12(b)(1) challenges. *DLX, Inc.,* 381 F.3d at 516; *see also Rogers*, 798 F.2d at 915 (stating that "on a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes").

### C. Discussion

1. Snufflebean's Motion to Dismiss

Plaintiff's labels her Complaint (Doc. # 2) as bringing suit against Snufflebean in his official and individual capacity. This introductory statement is inconsistent with the body of the Complaint (Doc. # 2) that specifically states that Plaintiff's allegations against Snufflebean are in his official capacity. In light of Plaintiff's specific assertions, this Court is not permitted to make an unwarranted factual inference that Plaintiff is suing Snufflebean in his individual capacity. This Court therefore will proceed based on Plaintiff's specific allegations that limit her

suit against Snufflebean to his official actions.

Plaintiff alleges that Snufflebean used state property in furtherance of a criminal scheme by a "vigilante gang" he personally belonged to, that targeted Plaintiff and violated Plaintiff's constitutional rights.

This Court finds that the Eleventh Amendment bars Plaintiff's suit against Snufflebean. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Consequently, the Eleventh Amendment firmly establishes that federal courts are without jurisdiction to consider actions for money damages that are brought against a state or its agencies, unless the state has either expressly waived its immunity or Congress has exercised its authority under § 5 of the Fourteenth Amendment. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987); *Palmer v. Ohio State Univ.*, No. 2:01-CV-053, 2002 WL 483558, at *3 (S.D. Ohio 2002) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).

For the purposes of Eleventh Amendment immunity generally, "instrumentalities" of the state are treated as the state. The Ohio Highway Patrol is an arm of the state of Ohio and is entitled to immunity under the Eleventh Amendment. *Mattox v. City of Jefferson*, No.1:04-CV-2257, 2007 WL 120651, *2 (N.D.Ohio January 10, 2007)

Here, Snufflebean, at all times relevant to this action as Plaintiff alleges, was employed

by the State of Ohio, Ohio State Highway Patrol, and has been sued for damages in his official capacity.  The State of Ohio, however, has not consented to be sued in federal court in this case.  Furthermore, it is well-settled that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted § 1983.  *E.g., Wolfel v. Morris,* 972 F.2d 712, 718 (6th Cir. 1992) (holding that a state is not a "person" subject to suit under § 1983).  Thus, this Court finds that Plaintiff cannot maintain an action against Snufflebean in his official capacity for damages.

Plaintiff also alleges that Stufflebean conspired against her in violation of 42 U.S.C. § 1985(3).  This Court finds that Plaintiff has failed to state a conspiracy claim under this section.

Section 1985(3) provides in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To prevail on a § 1985(3) claim, one must prove "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"  *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828-29 (1983)).  Additionally, Plaintiff must demonstrate that the conspiracy was motivated by race or class-based animus.  *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971) (stating that "[t]he language requiring intent to deprive of equal protection, or equal privileges

5

and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions").

Here, Plaintiff fails to assert, much less demonstrate, any racial or class-based animus. Thus, this Court finds that Plaintiff has failed to state a claim under § 1985 upon which relief can be granted.

For the reasons aforementioned, this Court **GRANTS** Snufflebean's Motion to Dismiss. (Doc. # 19.)

### 2. District Court's Motion to Dismiss

Plaintiff does not mention District Court in her "Factual Allegations", "Cause of Action," or "Prayer for Relief" sections of her Complaint. (Doc. # 2.) The only reference to the Court is found on page three of the Complaint, which states in pertinent part:

> The United States District Court in Columbus, Ohio has great power that is used for the General Public Welfare, Public Health and Safety, and for the furtherance of justice "arising under" the United States Constitution, yet this power has been and is being abused for a social cleansing process and to sterilize the federal justice system of unwanted American citizen complaints who file pro se in their court seeking relief from great injustices and cruelty by state actors. This court is very sympathetic and supportive towards (sic) abuses of police powers against witness and whistle blowers in Central Ohio. These federal witnesses have been murdered by police and given a wink and a nod by the US District Court, who (sic) blatantly protect state actors who target American citizens who try to expose organized crime in state government in Central Ohio. The district federal court's is sending the message to the average American citizen seeking their constitutional rights "arising under" the United States Constitution. The message they are unlawfully sending is this: 'Abandon all hope, ye who enter into our courthouse. Only the rich or powerful need apply.' This pattern and "unwritten" policy of social cleaning and by abuses of judicial power has been inflicted on plaintiff, Linda Leisure, on more than one occasion.

Plaintiff states that she "is authorized to initiate this action pursuant to 42 U.S.C. §

6

14141(a), and § 1985(3) & 1986."   None of these statutes, however, provide a cause of action against this Court.

Section 14141(a) makes it unlawful for law enforcement officers to engage in a pattern or practice that deprives individuals of their civil rights.  Section (b) of the statute authorizes the Attorney General to file an action in the name of the United to obtain relief to eliminate the practice.  No private cause of action exists under this statute.

With respect to Plaintiff's § 1985(3) claim against the District Court, the United States has not consented to suit under the Civil Rights statutes.  *E.g., Proffitt v. U.S.,* 758 F. Supp. 342, 345 (E.D.Va. 1990).   Moreover, the United States is not a person within the meaning of § 1985 subject to suit.  Because Plaintiff fails to state a claim under § 1985(3), Plaintiff also fails to state a claim under § 1986.  *Id.* (stating that "[B]efore plaintiff can recover under § 1986, he must establish a violation of 42 U.S.C. § 1985"); *see also Dowsey v. Wilkins,* 467 F.2d 1022, 1026 (5th Cir. 1972).

Thus, this Court **GRANTS** District Court's Motion to Dismiss.  (Doc. # 38.)

### 3.  Knotts' Motion to Dismiss

Plaintiff fails to state a claim or allege any cause of action against Knotts.  Plaintiff only mentions Knotts specifically in Paragraph 15 of the Complaint.  (Doc. # 2.)  She states in pertinent part:

> In or about the year 2002, Columbus Police officers Delmar Knotts and Stephen Knotts formed a Klan style vigilante gang in Reynoldsburg, Ohio and successfully ran other "targeted" persons out of Ms. Leisure's neighborhood. They used their law enforcement friends to "cover up" their criminal actions. This sinister group even used innocent, minor children in furtherance of their

criminal schemes, including tell Ms. Leisure that there was going to be a child coming up missing in Reynoldsburg and she was going to get blamed for it.

In a light most favorable to Plaintiff, the Court construes the paragraph aforementioned as purporting to allege that Knotts conspired against Plaintiff in violation of 42 U.S.C. § 1985(3). This Court finds that Plaintiff has failed to state a conspiracy claim under this section. Plaintiff fails to assert, much less demonstrate, any racial or class-based animus.  Thus, this Court also **GRANTS** Knotts' Motion to Dismiss.  (Doc. # 17.)

### D.  Conclusion

For the reasons stated, the Court **GRANTS** Snufflebean, District Court, and Knotts' Motion to Dismiss.  (Docs. # 38, 19, 17.)

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**