UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LINDA LEISURE.**

       **Plaintiff,**                             Case No. 2:07-cv-411
                                                    **JUDGE GREGORY L. FROST**
       **v.**                                            **Magistrate Judge Mark R. Abel**

**CITY OF REYNOLDSBURG, OHIO, et al.,**

       **Defendants.**

## ORDER

    This matter is before the Court on Defendants' Motion to Compel Deposition and for Sanctions (Doc. # 102), and Plaintiff Memorandum in Opposition (Doc. # 104). For the reasons that follow, the Court **GRANTS** Defendants' motion.

### I.  Background

    On May 2, 2008, Defendants served Plaintiff with their Notice of Videotape Deposition. (Doc. # 100). The Notice indicated that the deposition would take place on Tuesday, May 20, 2008 at 9:00 a.m. at the City of Reynoldsburg Division of Police, 7240 East Main Street, Reynoldsburg, Ohio 43068. *Id.* Service via first class mail to Plaintiff's last known address was proper pursuant to Fed. R. Civ. P. 5(b)(2)(C).

    Plaintiff failed to appear for her properly noticed deposition. Plaintiff explains that she was not aware of the deposition because she was not staying at her home address of 1561 Valley Drive, Reynoldsburg, Ohio 43068, and was only going there to pick up her mail sporadically.

    Defense counsel attempted to negotiate a time that was mutually convenient for the re-

scheduled deposition.  Such efforts were unsuccessful and are memorialized.  *See* Ex. A attached to Defendants' Motion to Compel.  Defense counsel again properly noticed Plaintiff's deposition for Tuesday, June 3, 2008 at 9 a.m.  (Doc. # 101.)

## II.  Standard for Sanctions for Failure to Appear at Deposition

Federal Rule of Civil Procedure 37(d), permits sanctions to be awarded against a party who fails to appear at her properly noticed deposition:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . In lieu of any order, or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

Defendants request an award of attorney fees and costs associated with Plaintiff's failure to appear at the deposition and an order compelling Plaintiff to appear for deposition.

## III.  Discussion

Plaintiff brought this action and it is her responsibility to supply this Court and Defendants with an address where she can receive mail.  Failure to collect her mail does not substantially justify Plaintiff's failure to appear.

Discovery cutoff is scheduled July 2, 2008.  This Court hereby **GRANTS** Defendants' request to extend that deadline by one day so that they can depose Plaintiff on July 3, 2008.  Dispositive motions are due in this action on July, 7, 2008 and the final pretrial and trial are set accordingly.  This Court shall not reschedule these dates.  Further, the Court hereby **ORDERS** Plaintiff to appear for her properly noticed deposition on Tuesday June 3, 2008.  (Doc. # 101.)

Finally, once Defendants submit the itemization of the costs that they incurred as a result of Plaintiff's failure to appear at her deposition, the Court will order Plaintiff to pay these costs.

Plaintiff is *specifically warned* that her failure to appear at her scheduled deposition on Tuesday June 3, 2008 *will lead to sanctions* up to and including *dismissal* of this action.

### IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Compel Deposition and for Sanctions.  (Doc. # 102).  Plaintiff is **ORDERED** to appear for deposition on Tuesday June 3, 2008 at 9 a.m. at the law offices of Mazanec, Raskin, Ryder & Keller Co., L.P.A., 250 Civic Center Drive, Suite 400, Columbus, Ohio 43215.

**IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**